[Crim. No. 4387.   Second Dist., Div. Two.   Feb. 23, 1950.]

THE PEOPLE, Respondent, v. JOHN HENDRICK VAN OS, Appellant.

W. E. Kalbfleisch for Appellant.

Fred N. Howser, Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

McCOMB, J.—After trial before a jury defendant was found guilty of simple assault. From the judgment and order denying his motion for a new trial, he appeals.

The evidence being viewed in the light most favorable to the People (respondent) the essential facts are:

Mable Van Os separated from her husband, defendant, May 3, 1948, and obtained an interlocutory decree of divorce from him. They reunited about December 10, 1948. On the night of December 30, 1948, she went driving with defendant in his car. They purchased some liquor which they consumed, and after a time parked the car and began discussing their domestic problems. Finally defendant told her he was going to leave her. She replied that was best and they had had enough trouble. Defendant then told her to get out of the car which she did, taking her purse with her. As she started walking she heard a car start up from behind her. Next she heard footsteps, and turned around and saw defendant. He grabbed her from behind, wrestled with her, hit her on the jaw and knocked her to the ground. As she tried to protect herself, he struck her on the head. He then grabbed her purse, ran to his car and drove away.

Defendant was charged with (1) robbery and (2) wife-beating. He was found not guilty of the first count, but guilty of simple assault, a lesser and included offense, on the second count.

■ *Questions:* First: *Was there substantial evidence to sustain the foregoing facts impliedly found by the jury in support of the judgment?*

This question must be answered in the affirmative. The prosecuting witness gave direct testimony as to each of the facts stated above. Therefore there was substantial evidence to sustain the jury's implied findings. This being the state of the record, an appellate court will neither consider discrepancies in the testimony nor weigh the evidence. (*People* v. *Pianezzi,* 42 Cal.App.2d 265, 269 [108 P.2d 732].)

■ Second: *Did the trial court commit prejudicial error in instructing the jury that simple assault was a lesser and included offense in the crime of wife-beating?*

This question must be answered in the negative. Section 273d of the Penal Code reads in part: ''Any husband who wilfully inflicts upon his wife corporal injury resulting in a traumatic condition, but not constituting a felonious assault or attempted murder . . . is . . . guilty of a felony . . .''

Section 240 of the Penal Code reads: "An assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another."

From a reading of the two code sections it is clear that the crime defined in section 240 of the Penal Code is a lesser and included offense in the crime set forth in section 273d of the Penal Code. (*Cf., People* v. *Burns,* 88 Cal.App.2d 867, 871, 872, et seq. [200 P.2d 134].)

In the present case the jury may not have believed that the altercation between the parties resulted in traumatic injury to Mrs. Van Os, yet they may have believed her testimony that defendant had the ability to, and did attempt to commit a violent injury on her person. Hence the trial judge properly gave instructions to the jury to the effect that they might find defendant guilty of a simple assault as a lesser and included offense in the crime of wife-beating.

■   Third: *Since the verdict of the jury found defendant not guilty of robbery, did this also constitute a finding that he was not guilty of simple assault?*

This question must also be answered in the negative. Each count in an information or complaint which charges a separate and distinct offense must stand upon its own merit, and the disposition of one count has no effect or bearing upon the verdict with respect to other counts contained in the information or complaint. Hence a verdict of acquittal of one or more counts is not deemed to be an acquittal of any other count. (*People* v. *Carothers,* 77 Cal.App.2d 252, 254 [175 P.2d 30].) Since each count in the information stated a separate and distinct offense, the foregoing rule is applicable.

The judgment and order are and each is affirmed.

Moore, P. J., and Wilson, J., concurred.