[Crim. No. 6952.   Second Dist., Div. Three.   Jan. 9, 1961.]

THE PEOPLE, Respondent, v. AUBREY WOODROW STEWART, Appellant.

Patrick E. Duggan for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

SHINN, P. J.—Angered when his 7-year-old son Larry refused to spell the word "the" at the dinner table, Aubrey Woodrow Stewart slapped the boy three times about the face and head, knocking him to the floor, and either by accident

or design his boot struck the boy's back. Examined by a physician later the same evening Larry was found to be emotionally upset, and to have bruises on his left face and jaw, reddened ears, a mild swelling over the left cheek, and a bruised, swollen and abraded area, approximately the size of a silver dollar, on the small of his back.

Stewart was subsequently accused by information of violating section 273d of the Penal Code, in unlawfully making an assault and inflicting a corporal injury upon his son which resulted in a traumatic injury. Trial was to a jury. At the People's request the court instructed that assault and battery were offenses necessarily included within the one charged in the information. Stewart was found guilty of battery and was sentenced to 120 days in the county jail. He appeals from the judgment.

The sole contention on the appeal is that the court erred in instructing the jury that battery is an offense necessarily included within that of violation of Penal Code, section 273d.

Section 273d reads: "Any husband who wilfully inflicts upon his wife corporal injury resulting in a traumatic condition, and any person who wilfully inflicts upon any child any cruel or inhuman corporal punishment or injury resulting in a traumatic condition, is guilty of a felony. . . ." Battery is defined as "any willful and unlawful use of force or violence upon the person of another." (Pen. Code, § 242.)

■ When one offense cannot be committed without committing another, the latter is an offense necessarily included within the former. (*People* v. *Greer,* 30 Cal.2d 589 [184 P.2d 512].) ■ The language of the accusatory pleading governs in determining whether the crime of which the accused stands convicted is an included offense. (*People* v. *Marshall,* 48 Cal. 2d 394 [309 P.2d 456].)

■ There can be no doubt that the elements of battery were included in the charge of violation of section 273d, as pleaded in the information. It would have been impossible for appellant to make an unlawful assault and inflict a corporal injury resulting in a traumatic condition upon his son without the unlawful use of force or violence upon his person.

However, appellant argues that as a matter of sound social policy a parent cannot be convicted of a battery upon his own child. He says in his brief that the punishment of a child is primarily the responsibility of its parents and that so long as the punishment is considered reasonable by the parent and does not result in traumatic injury the parent's conduct may

not be inquired into by the courts and a conviction for battery may not be had even though a court or jury may find the punishment to have been unreasonable. We are not persuaded by this argument.

██ No conviction under section 273d may be had without evidence that the child has suffered a traumatic condition. For the purposes of the statute, traumatic condition has been defined as a wound or other abnormal bodily condition resulting from the application of some external force. (*People* v. *Burns,* 88 Cal.App.2d 867 [200 P.2d 134].) ██ Of course, cruel and inhuman corporal punishment can be inflicted which does not result in a traumatic condition. We cannot hold that it is for the parent alone to determine whether such punishment is reasonable.

In *People* v. *Curtiss,* 116 Cal.App. Supp. 771 [300 P. 801], a school teacher was prosecuted for violation of Penal Code, section 273a, a related statute which provides that any person who inflicts unjustifiable physical pain or mental suffering upon a child is guilty of a misdemeanor. The court held that under the statute it was an offense for a teacher to inflict excessive corporal punishment upon a child and that the question whether the amount of punishment could rationally be justified was one of fact for the jury to determine upon the circumstances in evidence.

██ Furthermore, it is established that "while a parent is not liable to his child for the results of negligence, he has no immunity with respect to willful torts; that he may administer reasonable punishment with impunity, but when he exceeds that limit and does so willfully he commits a battery and is civilly liable for the consequences; the questions of excessiveness and willfulness are issues of fact for trial judge or jury to solve." (*Gillett* v. *Gillett,* 168 Cal.App.2d 102, 104 [335 P.2d 736].)

██ It would be inconsistent to hold that the reasonableness of punishment is a proper question for the jury in an action for damages and in a prosecution under Penal Code, section 273a, but not in a prosecution of a parent under section 273d for inflicting injury upon a child.

The judgment is affirmed.

Vallée, J., and Ford, J., concurred.