[No. E011118. Fourth Dist., Div. Two. Dec. 20, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSE LUIS ABREGO, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I, III, IV, V and VI.

## COUNSEL

John Leis Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van De Kamp and Daniel E. Lungren, Attorneys General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Keith I. Motley, Bradley A. Weinreb and Lilia E. Garcia, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**DABNEY, Acting P. J.**—Defendant Jose Luis Abrego was charged in an information in count 1 with infliction of corporal injury on a spouse (Pen. Code, § 273.5, subd. (a))[1] and in count 2 with assault with a deadly weapon (§ 245, subd. (a)(1)). Each count specially alleged that the crimes had been committed while Abrego was released on his own recognizance (§ 12022.1). A jury found Abrego guilty as charged in count 1 and guilty of the lesser included offense of battery (§ 242), a misdemeanor, in count 2. The jury found the section 12022.1 allegation true as to count 1. The court sentenced Abrego to the middle term of three years for count 1 with a concurrent six-month sentence for count 2, and the court stayed the section 12022.1 enhancement. Abrego was also sentenced to 16 months in another pending case in which he had entered a plea of guilty to possession of marijuana for sale (Health & Saf. Code, § 11359). Finally, the court imposed a restitution fine of $2,000.

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.

On appeal, Abrego contends: (1) the trial court erred in denying him his right to testify; (2) his conviction for count 1 should be reduced to battery because the evidence was insufficient as a matter of law to establish that the victim suffered "corporal injury resulting in a traumatic condition" within the meaning of section 273.5; (3) the section 12022.1 enhancement should have been stricken rather than stayed; (4) the trial court erred in denying a defense motion for mistrial without determining whether Abrego suffered prejudice; and (5) the restitution fine was excessive and should be set aside.

## FACTS

On September 25, 1991, Ester Abrego (Ester) was married to Abrego, but had been living separately from him for several months. In the early morning of that day, Ester was at home sleeping after a party. Leonardo Gonzalez and two other men were also sleeping at her house. Abrego knocked at the door, and Ester let him in. He appeared angry and started swearing at Ester and called her a bitch and a whore. He slapped or punched her five times in the face and head. Ester went to the living room to awaken Gonzales.

Abrego followed Ester while continuing to shout obscenities at her. Gonzales told Abrego to leave Ester alone, and Abrego responded that he had the right to tell her what to do because he was her husband. Ester testified that Abrego kicked Gonzales in the hip and pulled the telephone cord out of the wall. Abrego left the house and threw a rock through the living room window.

Ester testified she had not been injured or bruised when Abrego slapped her, and she did not seek medical treatment. She testified she had not felt any pain from the blows. However, she had told an investigating officer that she felt pain and tenderness where she had been struck, although the officer did not observe any injuries.

Ester had also told an investigating officer she had seen Abrego make a swinging or stabbing motion toward Gonzales. Gonzales required medical treatment for a two-inch deep puncture wound to his thigh.

Later the same day, Abrego called Ester and asked if she had called the police. He said he was going to come over and finish what he had started earlier.

DISCUSSION

I

*Right to Testify.**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

II

*Sufficiency of Evidence of Injury Causing a Traumatic Condition.*

Abrego was convicted in count 1 of spousal abuse under section 273.5, subdivision (a). That section states, "Any person who willfully inflicts upon his or her spouse, . . . corporal injury resulting in a traumatic condition, is guilty of a felony . . . ."

Subdivision (c) of section 273.5 defines a traumatic condition as "a condition of the body, such as a wound or external or internal injury, whether of a minor or serious nature, caused by a physical force." (§ 273.5, subd. (c).) ▮ Abrego contends that his slapping Ester did not cause any "corporal injury resulting in a traumatic condition" within the meaning of section 273.5, subdivision (a).

When reviewing a claim of insufficiency of the evidence to support a conviction, we view the entire record in the light most favorable to the judgment and presume the existence of every fact the trier of fact could reasonably deduce from the evidence in support of the judgment. (*People* v. *Wright* (1985) 39 Cal.3d 576, 592 [217 Cal.Rptr. 212, 703 P.2d 1106].)

Ester testified that when Abrego struck her, she was drunk, and she did not feel any pain. She further testified she had not been injured or bruised, and she did not seek medical treatment. However, she had told a police officer who responded to the scene that her face and head were sore and tender where Abrego had struck her. The officer did not notice any injuries.[3]

---

*See footnote, *ante*, page 133.

[3]Deputy Ramos testified that when he went to Ester's house after the incident, she was "upset, nervous. I noted that it appeared she had been crying." Ester told him that Abrego had

A traumatic condition is a condition of the body such as a wound or internal or external injury, whether minor or serious, caused by physical force. (§ 273.5, subd. (c); *People* v. *Gutierrez* (1985) 171 Cal.App.3d 944 [217 Cal.Rptr. 616].) The court in *Gutierrez* traced the use of the words "traumatic condition" in statutes and case law: "The *Burns* [*People* v. *Burns* (1948) 88 Cal.App.2d 867 (200 P.2d 134)] court set out definitions of 'trauma' and 'traumatic' found in various dictionaries, treatises, and cases from other jurisdictions. Later courts then used some of the definitions. For example, 'traumatic condition' was defined in *People* v. *Stewart* (1961) 188 Cal.App.2d 88, 91 . . . , as 'a wound or other abnormal bodily condition resulting from the application of some external force.' *People* v. *Cameron* [1975], 53 Cal.App.3d [786] at p. 797 [126 Cal.Rptr. 44], used the definition ' ". . . an abnormal condition of the living body produced by violence." ' *People* v. *Thomas* (1976) 65 Cal.App.3d 854 at page 857 . . . used the *Stewart* definition.

"Webster's Third New International Dictionary (1981), page 2432, defines 'trauma' as: 'an injury or wound to a living body caused by the application of external force or violence (injuries . . . such as sprains, bruises, fractures, dislocation, concussion—indeed *traumata* of all kinds . . .).' It is inherent in the definition that both serious and *minor* injury is embraced—'*traumata* of *all* kinds.' (Second italics added.)

"It is *injury* resulting in a traumatic condition that differentiates this crime from lesser offenses. Both simple assault [citation] and misdemeanor battery [citation] are included in a prosecution of section 273.5. . . .

"Some other offenses do require higher degrees of harm to be inflicted before the crime denounced by them is committed: felony battery, section 243, subdivision (d), requires 'serious bodily injury'; and, felony assault, section 245, subdivision (a), requires 'force likely to produce great bodily injury.' But, the Legislature has clothed persons of the opposite sex in intimate relationships with greater protection by requiring less harm to be inflicted before the offense is committed. Those special relationships form a rational distinction which has a substantial relation to the purpose of the statute. [Citations.]" (*Gutierrez, supra,* 171 Cal.App.3d at p. 952.)

---

hit her and punched her in the face and head. The following exchange took place: "Now, did you talk with Ms. Abrego regarding how she felt after she had been hit and punched?

"A Yes. I asked her if she had any injuries. She said that she felt—

"[Defense counsel]: Ob—objection, your Honor. Hearsay.

"THE COURT: Objection's overruled. [¶] You may answer.

"THE WITNESS: She told me that she felt some pain to her nose and head area.

"[The prosecutor]: Okay. Anything else that you remember?

"A Some pain and tenderness to those areas from having been struck."

Ramos testified he did not observe any injuries to Ester.

The People argue that the soreness and tenderness Ester experienced were sufficient to constitute a traumatic condition within the meaning of section 273.5. However, as the *Gutierrez* court explained, the statute requires *injury* from a traumatic condition, even though the injury may be minor. The record discloses no evidence of even a minor injury sufficient to satisfy the statutory definition.

We note that in other penal statutes the Legislature has differentiated infliction of pain from infliction of injury. In section 273a, the Legislature has made it a crime to willfully cause or inflict unjustifiable physical pain on a child. In section 273d, the Legislature has made it a crime to "willfully inflict[ ] upon any child any cruel or inhuman corporal punishment or injury resulting in a traumatic condition . . . ." If the Legislature intended pain to constitute an injury resulting in a traumatic condition, section 273a would be superfluous. We conclude that the evidence is insufficient to establish Abrego's guilt of spousal abuse.

The People also suggest that Ester's emotional upset after the incident was sufficient to elevate the crime from simple battery to a violation of section 273.5. However, the statute requires a "corporal injury" rather than solely emotional harm. We conclude that the evidence does not support a finding that Ester suffered "corporal injury resulting in a traumatic condition" within the meaning of section 273.5.

We shall therefore modify the judgment under section 1260 to reflect a conviction for the lesser included offense of battery. (§ 242.) (See *People* v. *Ordonez* (1991) 226 Cal.App.3d 1207, 1223 [277 Cal.Rptr. 382].)

## III-VI*

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment as to count 1 is modified by reducing the conviction to a conviction of violation of section 242, battery. As so modified, the judgment as to that count is affirmed. The cause is remanded to the trial court with directions to resentence the defendant on the modified judgment.[5] The

---

*See footnote, *ante*, page 133.

[5]Because the court originally imposed concurrent terms for counts 1 and 2, resentencing may also involve count 2.

enhancement under section 12022.1 is ordered stricken, and the restitution fine is ordered set aside.

Hollenhorst J., and Timlin J., concurred.

The petitions of both respondent and appellant for review by the Supreme Court were denied March 16, 1994.