Filed 9/28/16  P. v. Solis CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MARK SOLIS,<br><br>    Defendant and Appellant. | F072335<br><br>(Super. Ct. No. 14CR-00240)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Merced County.  Mark V. Bacciarini, Judge.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Stephen G. Herndon and Keith P. Sager, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Poochigian, Acting P.J., Franson, J. and Peña, J.

## INTRODUCTION

Defendant/appellant Mark Solis stands convicted of violating Penal Code[1] section 273.5, subdivision (a). Solis admitted two enhancements, specifically a prior serious or violent felony within the meaning of section 1170.12; and a prison prior within the meaning of section 667.5, subdivision (b). Solis contends the evidence is insufficient to sustain the section 273.5, subdivision (a) conviction because there is no evidence the victim suffered a traumatic condition. He also contends the trial court erred at sentencing by staying, instead of striking, the section 667.5, subdivision (b) enhancement.

We affirm the conviction and sentence.

## FACTUAL AND PROCEDURAL SUMMARY

In November 2014, Angela Fragulia (Fragulia) lived on Norton Avenue in Dos Palos. There were two houses located on the property next door. Michelle Wagner (Wagner) lived in the house that was closest to the street; Solis and his girlfriend, Christina Flores (Flores), had been living in the rear house for several months. The rear house did not have electricity or running water; Flores and Solis were squatters.

On November 4, 2014, around 4:15 p.m., Fragulia heard yelling from next door. Fragulia stepped outside and heard Flores say, "Oh you think you're a big f***in' man because you can beat up a woman?" Fragulia then saw Solis throw Flores to the ground and kick her three or four times. She also heard Solis repeatedly call Flores a "f***ing whore." Fragulia immediately called 911.

At about this time, Wagner went outside to look for her cats. Fragulia told Wagner that Flores and Solis were fighting and that Flores had "been screaming to call the police." Wagner heard Flores screaming at Solis to get off of her; Wagner ran back toward the rear house where Flores and Solis were living. Wagner saw Solis dragging Flores out of the house by her hair; Flores was holding on to her own hair as Solis

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

2.

dragged her on the ground. Wagner saw Solis choke Flores and hit Flores more than once while Flores was on the ground.

Wagner screamed at Solis to stop hitting Flores; Solis ran away. Wagner went into the rear house with Flores. Wagner saw a bruise on Flores's face and noticed that Flores's face was "all red." Wagner asked Flores if she should call 911; Flores responded affirmatively.

A few moments later, Solis returned to the rear house, but did not realize Wagner was on the phone with the 911 operator. Flores was sitting on the bed when Wagner saw Solis pull Flores off the bed. Wagner told Solis, "Don't you touch her." Wagner chased Solis away from the house.

Solis returned again a short time later and threatened Wagner, "If you call 911, I'll beat you up." Solis also told Wagner she "better know who he is," which Wagner took to mean that Solis was a gang member.

Within minutes of the 911 call, Dos Palos Police Officer Clifton Battles arrived at the Norton Avenue location. Battles met with Wagner, who told him Solis had been hitting Flores in the yard of the rear house. Battles then went to speak with Flores, who was inside the rear house lying down; she was crying.

When Flores sat up, Officer Battles noticed redness on both sides of her cheekbones and around her collarbone area. Flores told Battles that she and Solis had argued because Flores had been in court all day trying to get her children back from Child Protective Services; Solis had not gone to court with her. Flores told Battles that Solis grabbed her by the hair and pulled her outside to the ground. Flores was unsure if Solis had hit her because she was just "trying to get him off" of her.

An amended information was filed July 14, 2015, charging Solis in count 1 with corporal injury to a cohabitant, a violation of section 273.5, subdivision (a); and in count 2 with dissuading a witness, a violation of section 136.1, subdivision (b)(1). It was alleged that Solis had a prior serious felony conviction as defined in section 667,

3.

subdivision (d) that was a strike prior, and had served a prior prison term within the meaning of section 667.5, subdivision (b).

Solis pled not guilty to both counts and denied the enhancements. A jury was empaneled on July 15, 2015 and returned their verdict on July 17, 2015. The jury found Solis guilty of the count 1 offense and not guilty of the count 2 offense. Solis admitted the two enhancements.

On August 13, 2015, Solis filed a motion requesting the trial court strike the prior conviction in the interests of justice pursuant to section 1385. At the August 27, 2015, sentencing hearing, the trial court denied the section 1385 motion.

During the sentencing hearing, defense counsel asked that the trial court not impose the section 667.5 prison prior, on the grounds it was based on the same conviction that would be used to double the term imposed for the count 1 offense pursuant to section 1170.12. Later, when the trial court pronounced sentence, it noted the defense request "to potentially strike the prison prior." The trial court did not impose any term for the section 667.5 enhancement and sentenced Solis to the middle term of three years for the count 1 offense, doubled to six years pursuant to section 1170.12.

The minute order notes that the term for the section 667.5, subdivision (b) enhancement is "stayed." The abstract of judgment, however, does not list the section 667.5 enhancement as stayed; it is not listed on the abstract at all. Solis filed a timely notice of appeal on September 4, 2015.

## DISCUSSION

Solis contends the evidence is insufficient as a matter of law to sustain the section 273.5 conviction because there is no evidence Flores suffered a traumatic condition. He also contends the section 667.5 enhancement must be stricken, not stayed.

### I.      Substantial Evidence of Traumatic Condition

Solis contends the section 273.5 conviction must be reversed because there is no evidence that Flores suffered a traumatic condition. Specifically, Solis contends the only

4.

evidence of an injury is redness, which as a matter of law is insufficient. He misstates the evidence and the law.

In assessing the sufficiency of the evidence to support a verdict, this court views the evidence in the light most favorable to the judgment and presumes all facts the trier of fact could deduce from the record. (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206.) All conflicts or ambiguities in the record are resolved in favor of the verdict. (*People v. Virgo* (2013) 222 Cal.App.4th 788, 797.) The testimony of a single witness can be sufficient to support a verdict. (*People v. Jones* (2013) 57 Cal.4th 899, 963.)

The offense of willful infliction of corporal injury on a spouse or cohabitant requires that the victim suffer a "traumatic condition" as a result of the defendant's conduct. (§ 273.5, subd. (a).) Section 273.5, subdivision (d) defines "traumatic condition" as:

> "a condition of the body, such as a wound, or external or internal injury, including, but not limited to, injury as a result of strangulation or suffocation, whether of a minor or serious nature, caused by a physical force. For purposes of this section, 'strangulation' and 'suffocation' include impeding the normal breathing or circulation of the blood of a person by applying pressure on the throat or neck."

Here, Wagner testified she saw Solis choke Flores and hit Flores in the face more than once while Solis held Flores on the ground. Wagner stated she saw a bruise on Flores's face, and that her face was "all red" after the blows Solis inflicted to Flores' face. Officer Battles testified he saw redness on both sides of Flores's cheekbones and around her collarbone area when he arrived in response to the 911 call.

The traumatic condition need not be a major or serious injury; a minor external or internal injury suffices. (§ 273.5, subd. (d); *People v. Wilkins* (1993) 14 Cal.App.4th 761, 771.) A bruise, as testified to by Wagner, satisfies the requirement under section 273.5 of a "traumatic condition." (*People v. Beasley* (2003) 105 Cal.App.4th 1078, 1085–1086.)

Furthermore, testimony from Wagner and Fragulia established that Flores had been dragged, hit, kicked, and choked by Solis, after which Wagner and Officer Battles

5.

testified they observed redness to Flores's face and collarbone area. Although redness as a result of Solis hitting Flores in the face and applying pressure on her throat or neck to choke her may be a minor injury, section 273.5, subdivision (d) includes minor injuries resulting from this type of infliction of corporal injury within the definition of "traumatic condition." This redness qualifies as a "traumatic condition" because the definition encompasses minor injuries of all kinds. (*People v. Wilkins*, *supra*, 14 Cal.App.4th at p. 771; *People v. Gutierrez* (1985) 171 Cal.App.3d 944, 952.)

Clearly, the jury credited the testimony of Wagner and Officer Battles describing the injuries sustained by Flores as a result of Solis's conduct. Accordingly, sufficient evidence supports the section 273.5 conviction. (*People v. Jones*, *supra*, 57 Cal.4th at p. 964.)

## II.    Section 667.5 Enhancement

Solis contends, and the People agree, that a section 667.5 enhancement must be imposed or stricken; it cannot be stayed, as doing so constitutes an illegal sentence. (*People v. Garcia* (2008) 167 Cal.App.4th 1550, 1561; *People v. McQueen* (2008) 160 Cal.App.4th 27, 37.)

Here, the trial court noted at sentencing that the defense had asked that the section 667.5 enhancement be stricken. The trial court thereafter imposed sentence; no term was imposed for the section 667.5 enhancement. The abstract of judgment does not list the section 667.5 enhancement; the abstract itself directs that stricken enhancements should not be listed.

It is clear from the trial court's comment at sentencing; the fact the trial court imposed no term for the section 667.5 enhancement; and that the abstract contains no reference to the section 667.5 enhancement, that the trial court's intent was that the enhancement be stricken. As such, the minute order contains a clerical error, which this court can correct. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

## **<u>DISPOSITION</u>**

The judgment is affirmed. The minute order for the August 27, 2015, hearing shall be corrected to reflect that the Penal Code section 667.5 enhancement was stricken, not stayed.