Filed 7/29/25  P. v. Gemoya CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C100882 |
| Plaintiff and Respondent, | (Super. Ct. No. 23F07544) |
| v. | |
| AMARIO GEMOYA, | |
| Defendant and Appellant. | |

A jury convicted defendant Amario Gemoya of corporal injury to a spouse/cohabitant resulting in a traumatic condition, felony vandalism, and misdemeanor resisting arrest/obstructing an officer.  In a bifurcated proceeding, the trial court found three special allegations to be true and also found true that Gemoya had suffered a prior strike conviction.  The trial court sentenced him to eight years four months in prison.

1

On appeal, Gemoya challenges only the corporal injury conviction, arguing there is insufficient evidence that the injury resulted in a traumatic condition. We disagree and affirm.

BACKGROUND

We dispense with a comprehensive recitation of the facts and briefly set forth only the facts pertinent to the corporal injury conviction. In short, S.M. and Gemoya were in a romantic relationship and had been living together for almost five years. On the day of the incident, Gemoya got into an argument with S.M. and told her to take him to town because their relationship was over. S.M. initially drove her truck with Gemoya in the passenger seat but they later switched seats. Gemoya argued with and yelled at S.M. during the drive, and told her that her life was in danger. S.M. was terrified.

They briefly stopped at a house for Gemoya to gather some of his belongings and then drove to another location, where he parked. Gemoya continued to argue with and yell at S.M. When S.M. reached for the truck keys, Gemoya grabbed her hand and struck her in the jaw and neck with his elbow; Gemoya struck her approximately 10 times. He also shattered the windshield and back window. S.M. was red, sore in both her neck and jaw, and had cuts all over her hands and arms from the broken glass. The People admitted into evidence various photographs of S.M.'s injuries,[1] which showed a red mark on her jaw and lower chin from where he hit her with his elbow, blood on her neck, and cuts on her arms from the shattered glass. S.M. experienced bruising after the incident that changed in color over time.

---

[1] The photographs were not included in the record on appeal.

DISCUSSION

I

*The Corporal Injury Conviction Is Supported By Substantial Evidence*

Gemoya argues there is insufficient evidence that the injury resulted in a traumatic condition because S.M. displayed no discernible physical injuries. We disagree.

The term "traumatic condition" in Penal Code section 273.5 is defined in pertinent part as "a condition of the body, such as a wound, or external or internal injury . . . whether of a minor or serious nature, caused by a physical force." (Pen. Code, § 273.5, subd. (d).) A traumatic condition is established even if the resulting injury is only bruising (*People v. James* (2000) 81 Cal.App.4th 1343, 1347, 1363-1364 [defendant pinched victim's arm hard enough to leave a bruise]), or redness (*People v. Wilkins* (1993) 14 Cal.App.4th 761, 771 [probable cause for corporal injury resulting in a traumatic condition established when victim said the defendant hit her in the face and responding officer "observed redness about her face and nose"]). Here, at the very least, the jury observed photographs showing a red mark on S.M.'s jaw and lower chin and heard S.M.'s testimony that she was bruised for several days after the incident. There was thus unquestionably sufficient evidence from which a reasonable jury could find a traumatic condition resulted from the blows inflicted by Gemoya.

The two cases upon which Gemoya relies are inapplicable because the victims in both cases suffered no injury. (*People v. Abrego* (1993) 21 Cal.App.4th 133, 136-138 [soreness and tenderness from being struck insufficient to establish corporal injury resulting in a traumatic condition; the victim must suffer at least a minor injury]; *People v. Beasley* (2003) 105 Cal.App.4th 1078, 1085-1086 [pain without evidence of bruising, wounds, or injury insufficient to constitute a traumatic condition].) We thus affirm the corporal injury resulting in a traumatic condition conviction.

3

II

*Correction Needed to the Abstract of Judgment*

In two footnotes, the People note that the trial court did not explicitly impose a sentence on Gemoya's misdemeanor conviction, and the abstract of judgment contains a clerical error because it identifies the corporal injury conviction as a violent felony. Gemoya does not address these contentions.

We agree with the People that the abstract of judgment must be corrected because the corporal injury conviction does not qualify as a violent felony (i.e., a strike offense). (See Pen. Code, § 667.5, subd. (c).) We accordingly direct the clerk of the trial court to do so. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

We, however, disagree with the People that the trial court's discussion regarding the sentence imposed for the misdemeanor conviction is ambiguous. After imposing the total term of eight years four months as to the felony convictions and enhancements, the trial court noted the misdemeanor conviction carries "a maximum term of confinement of one year, and typical of what the Court normally does with those misdemeanors is run them concurrent with felony time." The trial court then pronounced the sentence of eight years four months. The trial court accordingly imposed a sentence as to the misdemeanor to run concurrent with the felony sentence. We conceive no ambiguity otherwise.

DISPOSITION

The judgment is affirmed. The clerk of the trial court is directed to correct the abstract of judgment to delete the box in section 1 that designates count 1 as a violent

4

felony and to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

/s/
BOULWARE EURIE, J.

We concur:

/s/
EARL, P. J.

/s/
MESIWALA, J.

5