[No. H008363. Sixth Dist. Apr. 29, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
ARTHUR HECTOR RODRIGUEZ, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, the first two paragraphs, part 2 and the last paragraph of the opinion are certified for publication.

## COUNSEL

Howard J. Specter, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Ronald E. Niver and Mary A. Roth, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BAMATTRE-MANOUKIAN, J.**—A jury found Arthur Hector Rodriguez guilty of three counts of forcible rape (Pen. Code, § 261, subd. (a)(2)) and

two counts of forcible genital penetration by a foreign object (*id.*, § 289, subd. (a)), and he was sentenced to prison. On appeal Rodriguez contends that the trial court erred to his prejudice by failing to instruct on its own motion on the defense of reasonable and bona fide belief that the victim had consented and by permitting use of his prior felony conviction of spousal battery to impeach his testimony, that the prosecutor improperly referred to facts outside the record in summation, and that at sentencing the trial court erroneously failed to take his alcoholism into account as a circumstance in mitigation of sentence. We find no reversible error and therefore shall affirm the judgment.

Only our analysis of use of Rodriguez's prior felony conviction to impeach him meets the criteria for publication of Court of Appeal opinions. (Cal. Rules of Court, rule 976(b).) Because our statement of the facts of the offense is not relevant to that analysis we shall not certify it for publication.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .*

## 2. *Use of Prior Felony Conviction to Impeach*

Rodriguez had suffered three prior felony convictions. Before jury selection he moved to prevent use of the prior convictions to impeach him should he elect to testify in his own behalf. The trial court denied the motion; Rodriguez did testify, and in the course of his cross-examination the prosecutor obtained his acknowledgment of each of the three prior convictions.

■ On appeal Rodriguez argues that one of the three prior convictions, for inflicting corporal injury on a spouse or cohabitant in violation of Penal Code section 273.5, did not involve moral turpitude and therefore should not have been used to impeach him.

We disagree with Rodriguez.

■ In *People* v. *Castro* (1985) 38 Cal.3d 301 [211 Cal.Rptr. 719, 696 P.2d 111], four Supreme Court justices agreed that article I, section 28, subdivision (f) of the California Constitution, as enacted by the electorate in 1982 as part of Proposition 8, authorizes use for impeachment of "any felony conviction which necessarily involves moral turpitude, even if the immoral trait is one other than dishonesty." (38 Cal.3d at p. 306; cf. *id.* at p. 322 (conc. and dis. opn. of Grodin, J.).) For this purpose the justices defined moral turpitude, in language taken from an early opinion of Justice Oliver Wendell Holmes, as a "*general readiness to do evil*" (*id.* at p. 314), with the

---

*See footnote, *ante*, page 1398.

observation that "it is undeniable that a witness' moral depravity of any kind has some 'tendency in reason' (Evid. Code, § 210) to shake one's confidence in his honesty." (*Id.* at p. 315.) The determination whether a given felony involved moral turpitude was to be made in the abstract, without reference to the particular facts underlying the prior conviction: "[A] witness' prior conviction should only be admissible for impeachment if the least adjudicated elements of the conviction necessarily involve moral turpitude." (*Id.* at p. 317.) As internally divisive as the *Castro* case appears to have been at the time (cf. *id.* at pp. 322 (conc. and dis. opn. of Lucas, J.), 323 (conc. and dis. opn. of Bird, C. J.); *People* v. *Turner* (1990) 50 Cal.3d 668, 704-705 [268 Cal.Rptr. 706, 789 P.2d 887]; *People* v. *Collins* (1986) 42 Cal.3d 378 [228 Cal.Rptr. 899, 722 P.2d 173], 396 (conc. opn. of Lucas, J.), 396 (conc. opn. of Grodin, J.), 397 (conc. and dis. opn. of Broussard, J.)), the Supreme Court has subsequently indicated that *Castro*'s moral turpitude requirement remains the law. (*People* v. *Morris* (1991) 53 Cal.3d 152, 195 [279 Cal.Rptr. 720, 807 P.2d 949]; *People* v. *Lang* (1989) 49 Cal.3d 991, 1009 [264 Cal.Rptr. 386, 782 P.2d 627].)

■ Counsel have identified, and we have found, no California case that reaches the question whether infliction of corporal injury on a spouse or cohabitant involves moral turpitude. To make a requisite abstract determination we look to the statutory definition of the felony. At the time of Rodriguez's prior conviction Penal Code section 273.5 provided, in part relevant to our inquiry:

"(a) Any person who willfully inflicts upon his or her spouse, or any person who willfully inflicts upon any person of the opposite sex with whom he or she is cohabiting, or any person who willfully inflicts upon any person who is the mother or father of his or her child, corporal injury resulting in a traumatic condition, is guilty of a felony . . . .

". . . . . . . . . . . . . . . . . . . . . . . . . .

"(c) As used in this section, 'traumatic condition' means a condition of the body, such as a wound or external or internal injury, whether of a minor or serious nature, caused by a physical force."

Each party characterizes the crime defined by Penal Code section 273.5 as a "battery," and argues the issues in terms of cases which have classified some batteries as crimes involving moral turpitude (e.g., *People* v. *Lindsay* (1989) 209 Cal.App.3d 849, 857 [257 Cal.Rptr. 529] [battery upon a peace officer]; *People* v. *Clarida* (1987) 197 Cal.App.3d 547, 552 [249 Cal.Rptr. 363] [same]; *People* v. *Williams* (1985) 169 Cal.App.3d 951, 957 [215

Cal.Rptr. 612] [battery by jail inmate upon noninmate]) and other batteries as crimes which do not involve moral turpitude (e.g., *People* v. *Mansfield* (1988) 200 Cal.App.3d 82, 89 [245 Cal.Rptr. 800] [battery resulting in serious bodily injury]). But section 273.5, unlike the statutes involved in the various battery cases, defines criminal conduct not in terms of circumstances which aggravate the crime of simple battery but rather by description of specific elements. We find it more helpful to apply principles developed in *Castro* and cognate cases directly to those specific elements than to attempt to analogize section 273.5 to one or another of the battery statutes.

■ We perceive the crux of *Castro*'s definition to be the requisite animus of the felon: Must the crime be attended by knowledge of circumstances and a conscious decision to exploit them sufficient to signify readiness to do evil? ■ To violate Penal Code section 273.5 the assailant must, at the very least, have set out, successfully, to injure a person of the opposite sex in a special relationship for which society rationally demands, and the victim may reasonably expect, stability and safety, and in which the victim, for these reasons among others, may be especially vulnerable. To have joined in, and thus necessarily to be aware of, that special relationship, and then to violate it wilfully and with intent to injure, necessarily connotes the general readiness to do evil that has been held to define moral turpitude. (Compare *People* v. *Lindsay, supra,* 209 Cal.App.3d 849, 857, with *People* v. *Mansfield, supra,* 200 Cal.App.3d 82, 88-89.)

It follows that Rodriguez's prior conviction of violation of Penal Code section 273.5 was properly used to impeach his testimony.

3., 4.*

. . . . . . . . . . . . . . . . . . . . . . . . . .

The judgment of conviction is affirmed.

Cottle, Acting P. J., and Elia, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 9, 1992. Mosk, J., was of the opinion that the petition should be granted.

---

*See footnote, *ante,* page 1398.