In this appeal defendant contends that (1) the trial court mistakenly instructed the jury that infliction of corporal injury on the *Page 1052 
mother of one's children is a general intent crime, and (2) even if the crime is one of general intent, the court still instructed erroneously on intent.
 FACTS AND PROCEDURAL HISTORY
The People charged defendant with one count of infliction of corporal punishment resulting in a traumatic condition on the mother of his children (Pen. Code, § 273.5, subd. (a)).[1] A jury found him guilty of the charge, and the trial court suspended proceedings, granting defendant probation on the condition, among others, that he serve 120 days in jail.
Because defendant raises no issue regarding the sufficiency of the evidence upon which he was convicted, only a brief description of the evidence is necessary. The People introduced evidence that defendant argued with his children's mother over money, pushed and shoved her, pinned her against an object in the kitchen, and hit her with a milkshake glass. The blow cut her head, and she also sustained another cut, bruises and scratches. She stabbed defendant in the chest with a knife or fork in self-defense. She tried to use the phone, but defendant cut the phone cord. Their son came down from an upper floor and grabbed defendant, stating, "Dad, what are you doing?" Defendant then left the house. Defendant testified that the mother attacked him with the glass and a knife, and that she received the gash on her head when she hit her head on a kitchen cabinet as they struggled for the knife.
The trial court instructed the jury on general intent for the crimes charged and the lesser included offenses of misdemeanor battery and misdemeanor assault pursuant to CALJIC. No. 3.30: "In the crimes charged . . ., there must exist a union or joint operation of act or conduct and general criminal intent. General intent does not require an intent to violate the law. When a person intentionally does that which the law declares to be a crime, he is acting with general criminal intent, even though he may not know that his act or conduct is unlawful." The court also gave an instruction on the elements of section 273.5, CALJIC No. 9.35: "Every person who willfully inflicts upon any person who is the mother of his children corporal injury resulting in a traumatic condition is guilty of a violation of Section 273.5 of the Penal Code, a crime. `Corporal injury' means bodily injury. A `traumatic condition' is a condition of the body such as a wound or external or internal injury, whether of a minor or serious nature, caused by a physical force. In order to prove this crime, each of the following elements must be proved: Number one, a person willfully inflicted bodily injury upon any person who *Page 1053 
was the mother of his children; and Number two, the bodily injury resulted in a traumatic condition."
 DISCUSSION
Defendant contends that the trial court erroneously instructed the jury that his crime of inflicting upon his children's mother corporal injury resulting in a traumatic condition (§ 273.5, subd. (a))[2] is a general intent crime, or alternatively that the court failed to instruct properly on general intent. He argues that spousal injury is a specific intent crime because it requires both a general intent to use force against the spouse and a further specific intent that the force will result in a traumatic condition.
"As a general rule, a statute proscribing willful behavior is a general intent offense. [Citations.] A statute which includes `willfully' language may nevertheless define a specific intent offense if the statute includes other language requiring a specific intent. [Citations.] However, `willfully' language without any additional specific intent language denotes a general intent offense. [Citations.] The only intent required for a general intent offense is the purpose or willingness to do the act or omission." (People v. Johnson (1998) 67 Cal.App.4th 67, 72.)
Recently our Supreme Court explained the relationship of "assault" and "battery": "An assault is an incipient or inchoate battery; a battery is a consummated assault. An assault is a necessary element of battery, and it is impossible to commit battery without assaulting the victim. [Citations.] This infrangible nexus means that once the violent-injury-producing course of conduct begins, untoward consequences will naturally and necessarily follow. . . . [Citations.] The criminal law thus independently sanctions the initiation of force or violence — the assault — because it directly and immediately culminates in injury — the battery. [Citations.] . . . [E]ach constitutes a discreet offense for which only an intent to commit theproscribed act is required." (People v. Colantuono (194)7 Cal.4th 206, 216-217, internal quotes omitted, italics added.) Based on this definition, section 273.5, subdivision (a) is a battery offense — a use of force resulting in an injury. (Id., at p. 217.)
While a simple battery may not require the infliction of pain or actual physical injury (see People v. Rocha (1971) 3 Cal.3d 893,899, fn. 12; People v. Mansfield (1988) 200 Cal.App.3d 82, 88), the fact that a use of force results in a physical injury does not necessarily elevate a particular battery to a crime requiring *Page 1054 
specific intent to inflict trauma. In Colantuono, supra,7 Cal. 4th, at pp. 217-218, the Supreme Court explained that the intent necessary for assault, [and thus also for battery,] does not require a goal oriented mens rea: "[T]he nature of the defendant's present willful conduct alone suffices to establish the necessary mental state without inquiry as to an intent to cause further consequences. [Citations.] Accordingly, upon proof of a willful act that by its nature will directly and immediately cause the least touching, it is immaterial whether the defendant intended to violate the law or knew that his conduct was unlawful. The intent to cause any particular injury . . ., to severely injure another, or to injure in the sense of inflicting bodily harm is not necessary. [Citations.] The pivotal question is whether the defendant intended to commit an act likely to result in such physical force, not whether he or she intended a specific harm."
Though our courts have not held directly that the general intent to do an act likely to result in bodily harm is the intent required for section 273.5, subdivision (a) they have so held in battery crimes very similar to the spousal injury statute. Section 243, subdivision (d), which sets out punishments for battery crimes, provides that "[w]hen a battery is committed against any person and serious injury is inflicted on the person," the battery may be punished as a felony. The courts have concluded consistently that such felony battery is a general intent crime, requiring only an intent to do the assaultive act. (People v. Campbell (1994) 23 Cal.App.4th 1488, 1495; People v.Barrera (1993) 14 Cal.App.4th 1555, 1573; People v. Mansfield,supra, 200 Cal.App.3d, at page 88; People v. Brucker (1983)148 Cal.App.3d 230, 239.) In Mansfield, supra, at page 88, while determining whether felony battery is a crime of moral turpitude, the court pointed out that battery with serious injury is a "simple battery which results in serious bodily injury," and noted that the mens rea necessary for felony battery is the same as that for simple battery.
On all fours with spousal battery is section 273d, which prohibits infliction of corporal injury on a child. It uses language virtually identical to that of section 273.5, subdivision (a): "Any person who willfully inflicts upon a child any . . . injury resulting in a traumatic condition is guilty of a felony. . . ." Our courts have consistently held that this offense is a general intent crime requiring only that the assailant have "purpose or willingness to commit the act," not the specific intent to inflict the traumatic injury. (People v. Atkins
(1975) 53 Cal.App.3d 348, 358, rev. den. Feb. 11, 1976; accord:People v. Campbell, supra, 23 Cal.App.4th at p. 1493, fn. 8;People v. Northrup (1982) 132 Cal.App.3d 1027, 1039, rev. den. June 16, 1982, overruled on other grounds inPeople v. Smith (1984) 35 Cal.3d 798-807-808.) *Page 1055 
Defendant cites Atkins, supra, in his brief, but makes no attempt to distinguish the intent required for section 273d from that required for section 273.5, subdivision (a).[3]
Section 273.5, subdivision (a) uses no other language of intent than the word "willfully," specifying only that the act done result in a "traumatic condition." Consequently, its terms come within the general rule that statutes proscribing willful behavior are general intent crimes. (People v. Johnson, supra,67 Cal.App.4th, at p. 72.) Other battery offenses in which the act willfully done results in a traumatic condition or serious bodily injury have been determined to be general intent crimes. (People
v. Mansfield, supra, 200 Cal.App.3d, at p. 88; People
v. Atkins, supra, 53 Cal.App.3d, at p. 358.) Consequently, we hold that spousal injury, section 273.5, subdivision (a) requires only the mens rea of intending to do the assaultive act.
Defendant argues that, even if characterized as a general intent crime, section 273.5, subdivision (a) still requires an instruction that the perpetrator had a separate intent to bring about the injury. This is simply wrong, as we explained above. Defendant is relying for this thesis on People v. Fabris (1995)31 Cal.App.4th 685, 693-701, in which an appellate court discussed the intent required for arson. As the court in Fabris pointed out, section 451 provides that a person is guilty of arson if he or she intentionally (1) "sets fire to," (2) "burns," or (3) "causes to be burned," a structure. (Id., at p. 692.) The court stated that arson is a general intent crime (id., at p. 693), then parsed the statute's language, explaining that the different situations described require an intent to do (1) the act of setting fire to a structure, (2) the act of burning a structure, or (3) the "grammatically different" act of causing a structure to be burned, no matter what other act is done to initiate the fire (id., at pp. 694-695). No such language of intentional causation of a traumatic condition is present in section 273.5, subdivision (a). To satisfy the intent element of spousal *Page 1056 
injury, a prosecutor need only show an intended assaultive act. The jury in this case was instructed fully on the general intent required for spousal injury (see fact statement above).
 DISPOSITION
The judgment is affirmed.
Ward, J., and Gaut, J., concurred.
[1] All further statutory citations refer to the Penal Code, unless otherwise indicated.
Defendant was also charged with severing a telephone wire, but was acquitted of that charge.
[2] Hereinafter referred to as "spousal injury."
[3] In his brief, defendant cites cases which he maintains support his argument that section 273.5, subdivision (a) is a specific intent statute requiring proof that the perpetrator specifically intend to inflict corporal injury: People v. Abrego
(1993) 21 Cal.App.4th 133, People v. Rodriguez (1992)5 Cal.App.4th 1398, and People v. Gutierrez (1985) 171 Cal.App.3d 944.Abrego discusses only the sufficiency of the evidence to support a finding of a "traumatic condition," and is inapposite. (Abrego, supra, at pp. 137-138.) Rodriguez, in the context of a discussion of whether section 273.5 is a crime of moral turpitude for purposes of impeachment, assumes without any citations or explanation that the section requires "intent to injure," providing no guidance on the issue before us. (Rodriguez, supra, at p. 1402.) Gutierrez supports a conclusion that section 273.5
is a general intent crime, stating that the crime includes both "simple assault . . . and misdemeanor battery," but makes no comment on the mens rea required for spousal battery. (Gutierrez,supra, at p. 952.) *Page 1057