**Lorraine Flores ESTRADA, Plaintiff—Appellant,**

v.

**COUNTY OF LOS ANGELES; Lee Baca, Sheriff; Andrew J. Leos; Judith Small; Troy Jackson; Bruce Pollack; Burton Brink; Joseph Knott, Defendants—Appellees.**

No. 02–56742.

D.C. No. CV–00–05713–GAF.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 9, 2004.*

Decided Feb. 24, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Robert Mann, Los Angeles, CA, for Plaintiff-Appellant.

Paul B. Beach, Franscell, Strickland, Roberts & Lawrence, Glendale, CA, for Defendants-Appellees.

Before TROTT, RAWLINSON, and BEA, Circuit Judges.

## MEMORANDUM**

Lorraine Estrada ("Estrada") was arrested for puncturing the ear of her fiancé during a fight in their home in violation of California Penal Code § 273.5 (" § 273.5"). She brought suit against the County of Los Angeles ("County") and the officers involved, claiming that they arrested her without probable cause and used excessive force in effectuating the arrest and in later handcuffing her to transfer her to a medical facility. The district court granted summary judgment with respect to all claims and all parties, with the exception of officer Joseph Knott. After a short trial, the jury found in favor of Knott, and

the district court subsequently denied Estrada's motion for a new trial. Estrada now appeals the grant of summary judgment and the denial of the motion for a new trial.

## I. Probable Cause

■ As the district court concluded, "[this] issue is not close." Probable cause is established when, under the totality of the circumstances known to the police officers at the time, a reasonably prudent police officer would conclude, based on his training and experience, that there was a fair probability that the suspect has committed or is committing an offense. *Michigan v. DeFillippo*, 443 U.S. 31, 37, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979). Section 273.5(a) states that "[a]ny person who willfully inflicts upon a ... cohabitant ... corporal injury resulting in a traumatic condition, is guilty of a felony." Cal. Pen. Code § 273.5(a). Both Estrada and her fiancé admitted to police that Estrada punctured her fiancé's ear during a struggle, and the officers could see the puncture would and resulting blood on his shirt.

Estrada argues that § 273.5 requires "the general intent to do an act likely to result in bodily harm," *People v. Thurston*, 71 Cal.App.4th 1050, 1054, 84 Cal.Rptr.2d 221 (1999), and that grabbing another's arm is not such an act. In addition to selectively parsing this language from the larger body of case law, Estrada improperly focuses on the connotation of "harm" rather than its technical meaning as it pertains to battery.

As the court discussed in *Thurston*, the intent necessary for battery is not a "goal-oriented" mens rea. *Id.* Battery is a general intent crime; there is no need to show the actor intended the result. All that is

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

necessary is "proof of a willful act that by its nature will directly and immediately cause 'the least touching'.... The intent to ... injure in the sense of inflicting bodily harm is not necessary." *Id.* (emphasis and internal quotation marks omitted) (quoting *People v. Colantuono,* 7 Cal.4th 206, 217–18, 26 Cal.Rptr.2d 908, 865 P.2d 704 (1994)). It is therefore clear that despite Estrada's argument to the contrary, intentionally grabbing another's arm is sufficient to constitute battery, regardless of whether a layperson would consider it likely to result in bodily harm.

Estrada admits that she intended to restrain her fiancé by grabbing his arm, and that the act resulted in an injury to his ear. It is not necessary for police officers to see the commission of a felony to arrest a person without a warrant. An arrest can take place once the officers have probable cause to believe that the person they are arresting has committed a felony. *United States v. Garza,* 980 F.2d 546, 549–50 (9th Cir.1992). The fiancé's bloody ear, plus the representations of both Estrada and her fiancé gave the officers a reasonable belief that a violation of § 273.5 had occurred, and thus Estrada's claim that the officers lacked probable cause is without merit.

## II. Excessive Force

■ Estrada claims that the officer's attempts to lift her up after she fell to the ground, sobbing hysterically, amounted to excessive force. The dispositive question is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." *Forrester v. City of San Diego,* 25 F.3d 804, 806 (9th Cir.1994) (citation omitted). Determining whether the actions were objectively reasonable requires that the intrusion on an individual's Fourth Amendment in-terests be balanced against the countervailing government interests. *Id.*

In this case, Estrada was admittedly distraught and noncompliant. There is a dispute as to how long the officer tried to convince Estrada to stand up on her own before attempting to lift her; however, even if it were only seconds, the outcome is unaffected. The officers had made the decision to arrest Estrada, and it was in their interest to take her into custody in an efficient manner. Although the degree to which she was posing a threat of harm to herself or the officers is debatable, the degree to which her Fourth Amendment rights were intruded upon is minimal. As the Supreme Court discussed in *Graham v. Connor,* "Fourth Amendment jurisprudence has long recognized that the right to make an arrest ... necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). The degree of force exerted was objectively reasonable, and thus the district court's grant of summary judgment on this claim is affirmed.

## III. Summary Judgment in favor of the County of Los Angeles

■ As discussed in *Jackson v. City of Bremerton,* "[n]either a municipality nor a supervisor ... can be held liable under § 1983 where no injury or constitutional violation has occurred." 268 F.3d 646, 653 (9th Cir.2001) (citation omitted). The County was therefore entitled to summary judgment because the officers had probable cause to arrest Estrada, and did so without using excessive force. Thus, the district court's grant of summary judgment in favor of the County was proper.

## IV. Motion in Limine to Exclude the Kolts Commission and Merrick Bobb Reports

As the district court reasoned,

whatever probative value the report may have is substantially outweighed by the potential for undue prejudice, the risk of undue consumption of time and resources, and the risk of jury confusion. To permit introduction of the report, which is now nearly a decade old and which addresses a broad spectrum of issues regarding the Sheriff's Department, would unduly complicate this very straightforward case and would likely distract the jury from the issues at hand.

■ The judge has considerable latitude in making this determination, *B.K.B. v. Maui Police Dep't,* 276 F.3d 1091, 1103 (9th Cir.2002), and although the Merrick Bobb report was more contemporaneous than suggested, the judge did not abuse his discretion. The risk of unnecessarily complicating relevant issues, by introducing a broad range of topics, provided a sufficient basis for the judge's decision, and thus it was not clearly erroneous.

## V.   Motion for New Trial

### a.   *Shaw Report*

■ The defendant objected on various grounds to the interrogatory that Estrada believes should have produced the Shaw report. Estrada, however, never contested the sufficiency of this objection nor sought further response. The court, therefore, did not abuse its discretion in holding that Estrada's lack of due diligence prevented her from establishing that the report was wrongly withheld.

### b.   *Exclusion of Witnesses*

■ The district court correctly read the record as "clearly indicat[ing] that Plaintiff did not disclose these witnesses in

accordance with Rule 26(a) or in response to Defendants' relevant interrogatories." Given the court's careful examination of all the relevant documents before making a decision, in conjunction with Estrada's failure to properly object, this issue lacks merit.

## AFFIRMED.