Filed 8/1/16  P. v. Rushing CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>          Plaintiff and Respondent,<br><br>          v.<br><br>LESLIE W. RUSHING,<br><br>          Defendant and Appellant. | B262944<br><br>(Los Angeles County<br>Super. Ct. No. MA055803) |

        APPEAL from an order of the Superior Court of Los Angeles County. Christopher G. Estes, Judge.  Affirmed.

        Adrian K. Panton, under appointment by the Court of Appeal, for Defendant and Appellant.

        Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Mary Sanchez and Blythe J. Leszkay, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant Leslie Wyvonna Rushing appeals from the order denying her petition to recall her felony sentence and resentence as a misdemeanor pursuant to Penal Code section 1170.18,[1] which was added by Proposition 47.[2]

Defendant contends her right to due process (U.S. Const., 14th Amend.; Cal. Const., art. I, § 15) was violated when the trial court improperly deemed her to have been convicted of identity theft (§ 530.5) rather than grand theft under section 484e, subdivision (d) (§ 484e(d)). She further contends a felony conviction for grand theft of card access information in violation of section 484e(d) is eligible for relief, because pursuant section 490.2, subdivision (a) (§ 490.2(a)), grand theft of property whose value

---

[1]     All further section references are to the Penal Code.

[2]     Proposition 47 is an initiative measure approved by the voters (Gen. Elec. Nov. 4, 2014) and took effect on November 5, 2014 (see Cal. Const., art. II, § 10 [initiative statute "takes effect the day after the election unless the measure provides otherwise"]). "The initiative:  added Government Code chapter 33 of division 7 of title 1 (§ 7599 et seq., the Safe Neighborhoods and Schools Fund); added sections 459.5, 490.2 and 1170.18 to the Penal Code; amended sections 473, 476a, 496 and 666 of the Penal Code; and amended Health and Safety Code sections 11350, 11357 and 11377.  (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, §§ 4-14, pp. 70-74.)  The electorate's stated purpose and intent was to '(1)  Ensure that people convicted of murder, rape, and child molestation will not benefit from this act. [¶] (2)  Create the Safe Neighborhoods and Schools Fund . . . for crime prevention and support programs in K-12 schools, . . . for trauma recovery services for crime victims, and . . . for mental health and substance abuse treatment programs to reduce recidivism of people in the justice system. [¶] (3)  Require misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft and drug possession, unless the defendant has prior convictions for specified violent or serious crimes. [¶] (4)  Authorize consideration of resentencing for anyone who is currently serving a sentence for any of the offenses listed herein that are now misdemeanors. [¶]  (5)  Require a thorough review of criminal history and risk assessment of any individuals before resentencing to ensure that they do not pose a risk to public safety. [¶]  (6)  [And to] save significant state corrections dollars on an annual basis [and] increase investments in programs that reduce crime and improve public safety, such as prevention programs in K-12 schools, victim services, and mental health and drug treatment, which will reduce future expenditures for corrections.'  (Voter Information Guide, *supra*, text of Prop. 47, § 3, p. 70.)" (*People v. Shabazz* (2015) 237 Cal.App.4th 303, 308.)

2

does not exceed $950 "[n]otwithstanding . . . any other provision of law defining grand theft" is a misdemeanor.

We affirm the order denying relief under Proposition 47.[3] Defendant has failed to demonstrate her eligibility for Proposition 47 relief. It is incumbent on defendant, in the first instance, to make a prima facie showing that she "would have been guilty of a misdemeanor under [Proposition 47] . . . had this act been in effect at the time of the offense." (§ 1170.18, subd. (a).) Her conviction for violating section 484e(d) does not fall within the purview of Proposition 47.

## BACKGROUND

On April 16, 2012, pursuant to a plea agreement, defendant pleaded no contest to a felony conviction of acquiring or retaining access card account information with fraudulent intent to use in violation of section 484e(d).

On May 8, 2012, the trial court suspended imposition of sentence and placed defendant on formal probation for a three-year period with credit for time served on certain terms and conditions, including 45 days of community service and payment of restitution to the victim in the stipulated amount of $120.[4]

On March 12, 2015, defendant filed a petition for recall of sentence and resentencing as a misdemeanor, because the offense for which she had been convicted had been reduced to a misdemeanor under Proposition 47.

---

[3]    We invited the parties to file supplemental briefing on various issues, but our disposition renders unnecessary discussion of these additional issues

[4]    On the probation report filed May 8, 2012, the trial court made a handwritten notation that "Per DDA $120 – to David Alles," who was the victim.

3

On March 17, 2015, during the hearing, the court denied the petition. Further, defendant admitted violating probation,[5] and the court revoked probation and then reinstated probation.

## DISCUSSION

### 1. *Denial of Proposition 47 Petition*

On March 12, 2015, defendant filed a petition for recall of her felony sentence and for resentencing as a misdemeanor in which she asserted she had been convicted of "§487 Grand Theft," which had been reduced to a misdemeanor from a felony pursuant to Proposition 47. The People responded that defendant was foreclosed from such relief, because her conviction was for a violation of section 484e(d), which section was not included in Proposition 47.

At the hearing the same day, the prosecutor argued that a conviction for violating section 484e(d) was ineligible for relief under Proposition 47 because "this charge, which is an access fraud case, has the element that the possession of the fraudulent information be used to defraud the victim, that that is the same charge, essentially, as an identity theft, which is . . . not a charge eligible for [Proposition 47] relief." Defense counsel disagreed, arguing: "[A]lthough it may be analogous to the identity theft, that's not what was charged or what she was convicted of. She was convicted of a theft-related crime, and Prop. 47, itself, indicates it should be read expansively."

On March 17, 2015, when the hearing resumed, the trial court ruled a conviction for violating section 484e(d) was not eligible for Proposition 47 relief, because section 484e(d) did not define an offense within the meaning of section 490.2(a), which was covered by Proposition 47 if the value of the property taken did not exceed $950. In denying the petition, the court explained: "The conviction of violation of . . . section 484e(d). It is entitled subsection (a), grand theft. So the issue is whether or not that falls within the purview of Proposition 47, in particular . . . section 490.2. And the language

---

[5] A supplemental probation report was prepared which indicated defendant violated probation by failing to make any payments toward her restitution obligation and to perform her community service, among other violations.

4

of 490.2 dealing with grand theft in a value of $950. It's the court's position that the specific language of [section 484e(d)] is more consistent with the language of . . . section 530.5, identity theft. [Section] 484e requires the element includes obtaining access card information with the intent to use it. And the court believes the specific language of 484e(d) falls outside the scope of Proposition 47. It's more consistent with [the] language of . . . section 530.5, which was not included as an eligible crime under Prop. 47, so the petition will be denied."

2. *Violation of Section 484e(d) Not Embraced by Proposition 47*

Comparing the elements of section 490.2(a) with those of section 484e(d), the conclusion arises that the offenses defined in these two sections are distinct and different from each other. For this reason, we conclude a violation of section 484e(d) cannot be shoehorned into a violation of section 490.2(a) for the purposes of Proposition 47 relief.[6]

Pursuant to Proposition 47**, s**ection 490.2(a) provides: "Notwithstanding Section 487 *or any other provision of law defining grand theft*, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor." (Italics added.) In contrast, section 484e(d) provides: "Every person who acquires or retains possession of access card account information with respect to an access card validly issued to another person, without the cardholder's or issuer's consent, *with the intent to use it fraudulently*, is guilty of grand theft. (Italics added.)

_____

**6** This issue is pending before our Supreme Court in various cases. (See, e.g., *People v. Cuen* (S231107, formerly (2015) 241 Cal.App.4th 1227); *People v.Romanowski* (S231405, formerly (2015) 242 Cal.App.4th 151); *People v. Grayson* (S231757, formerly (2015) 241 Cal.App.4th 454); *People v. King* (S231888, formerly (2015) 242 Cal.App.4th 1312); *People v. Thompson* (S232212, formerly (2015) 243 Cal.App.4th 413).)

In a letter brief filed May 19, 2016, respondent cited to *People v. Solis* as authority for its position that section 484e(d) "'does not primarily define a "theft" crime.'" On June 8, 2016, a grant and hold order was issued in *Solis*. (S234150, formerly (2016) 245 Cal.App.4th 1099.)

5

The key elements of a violation of section 490.2(a) are: (1) "obtaining any property by theft" and (2) "the value of the . . . property taken does not exceed" $950. In contrast, the key element of a violation of section 484e(d) is "the intent to use . . . fraudulently" the access card account information associated with an access card. There is no value element to that offense. Additionally, there is no requirement in section 484e(d) that defendant's unlawful possession of this information result in actual fraud on or any financial or other loss to the cardholder. (See *People v. Molina* (2004) 120 Cal.App.4th 507, 512, 516 [§ 484e(d) does not require actual use; "the account of an innocent consumer actually be charged or billed"; or "access card be valid at the time of the fraudulent possession"]; CALCRIM No. 1952.)

In view of the above, we conclude that section 484e(d) does not define an offense that is embraced by section 490.2(a) for which Proposition 47 relief is afforded.

3. *No Denial of Due Process Shown*

Defendant contends her right to due process was violated when the trial court convicted her of a crime which she was not charged with or received notice of. She has failed to demonstrate her right to due process was abridged. The fallacy of her position lies in her fatally flawed premise that at the hearing on her Proposition 47 petition, the trial court "convicted" her of identity theft (§ 530.5) rather than grand theft under section 484e(d). When viewed in context, the gist of the trial court's comments simply was to analogize her conviction for violating section 484e(d) as a violation of section 530.5, which defines the offense of identity theft, rather than as a violation of section 490.2(a), which defines the offense of grand theft of property whose value does not exceed $950 as a misdemeanor. (See *People v. Thurston* (1999) 71 Cal.App.4th 1050, 1054 [comparing crimes to determine intent element of spousal abuse].)

CONCLUSION

The trial court did not err in denying defendant's petition to recall her felony sentence and resentence as a misdemeanor. She failed to satisfy her threshold burden to establish she "would have been guilty of a misdemeanor under [Proposition 47] . . . had this act been in effect at the time of the offense" (§1170.18, subd. (a)). A felony

conviction for violating section 484e(d) does not qualify as a misdemeanor under section 490.2(a) for which Proposition 47 relief is available.  Defendant also failed to establish any abridgment of her right to due process.

DISPOSITION

The order appealed from is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


BOREN, P.J.

We concur:


CHAVEZ, J.


HOFFSTADT, J.